UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CASSANDRA WINSTON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:13-CV-192-TAV-CCS |
| BECHTEL JACOBS CO., LLC, and URS/CH2M OAK RIDGE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants' Motion to Dismiss [Doc. 7]. Defendants move the Court to dismiss this case, in which plaintiff seeks relief against defendants for their alleged discriminatory employment actions and retaliation against her on account of her race, gender, and age, pursuant to Title VII of the Civil Rights Act of 1964 ("Civil Rights Act") and the Age Discrimination in Employment Act ("ADEA"). As grounds for their motion, defendants argue that plaintiff has failed to prosecute her case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; failed to effect service of process within 120 days of filing her complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and failed to state a claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff has responded in opposition to the Motion to Dismiss [Doc. 12]. As part of her response, plaintiff attached three documents related to prior filings that the parties made with the Equal Employment Opportunity Commission ("EEOC") regarding this

case [Doc. 12-1; Doc. 12-2; Doc. 12-3]. Defendants have replied to plaintiff's response [Doc. 14]. On the same day that defendants filed their reply memorandum, they also filed a motion to exclude matters outside of the pleadings [Doc. 13], in which they argue that the Court should not consider the three documents that plaintiff attached to her response to the Motion to Dismiss. Plaintiff has not responded to defendants' motion to exclude.

Each defendant has since filed a motion for summary judgment, seeking dismissal of plaintiff's action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, or judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. 20; Doc. 22]. Neither motion for summary judgment is currently ripe for disposition. For the reasons that follow, the Court will grant defendants' Motion to Dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, the Court will dismiss plaintiff's action without prejudice and deny all other pending motions as moot.

I.  Background

Plaintiff filed this action on April 5, 2013 [Doc. 1]. Plaintiff alleges that defendant Bechtel Jacobs Co. discriminated against her on the basis of race, gender, and age when it terminated her employment as a Project Controls Engineer II, and that defendant URS/CH2M Oak Ridge discriminated against her on those same bases when it failed to hire her [Doc. 1 p. 3–7]. Plaintiff also alleges that both defendants retaliated against her "for her EEO activities and/or opposition to discriminatory practices" [Doc. 1 p. 5–6].

2

On April 8, 2013, the Clerk of Court made an entry on the docket sheet through the Court's CM/ECF system, stating, "No summons received with initiating documents. Therefore, summons not issued as to Bechtel Jacobs Co., LLC and URS/CH2M Oak Ridge."[1] The electronic receipt for the entry reflects that notice of the entry was given to plaintiff's counsel of record via email.

No additional activity occurred in the case for more than one year. On May 6, 2014, the Court issued an order for plaintiff to show cause why her case should not be dismissed for failure to prosecute [Doc. 2]. The order to show cause directed plaintiff to respond within twenty-one days. Prior to the response deadline, plaintiff's counsel contacted the Court's judicial assistant to explain that plaintiff needed several additional days to file a response [Doc. 12 p. 3].

On May 30, 2014, plaintiff responded to the order to show cause [Doc. 5]. In it, her counsel stated:

> The lack of service of process on the defendants and activity in this case results entirely from plaintiff's counsel's erroneous belief that he had, in fact, served them. He has had discussions with counsel for the defendants following termination of the EEOC proceedings and initiation of this action concerning the settlement of the plaintiff's discrimination charges. He understood that the defendants had been served with process and clearly was mistaken about that. In fact, summonses had not even been issued.

[*Id.* at p. 1]. On the same day that she filed her response to the order to show cause, plaintiff requested that the relevant summonses be issued [Doc. 3]. The Clerk of Court

---

[1] As reflected by the docket sheet and corresponding electronic receipt, the entry was filed on April 5, 2013, and entered on April 8, 2013.

3

issued the summonses [Doc. 4], and plaintiff served defendants with process on June 4, 2014 [Doc. 6].

Defendants' Motion to Dismiss followed on June 25, 2014 [Doc. 7]. Defendants dispute the representations of plaintiff's counsel insofar as "there have not been any such settlement discussions between Plaintiff's counsel and 'counsel for the defendants' (or Defendants themselves)" [Doc. 8 p. 4]. Plaintiff has not addressed this assertion by defendants.

## II. Analysis

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, the rule requires a two-part analysis: first, the Court must determine whether a plaintiff has shown good cause for failing to timely serve a defendant, and if the plaintiff so shows, the Court must extend the time for service for an appropriate period; second, if good cause has not been shown, the Court must either dismiss the action without prejudice or direct that service be made within a specified time period. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000).

### A. Good Cause

Under Rule 4(m), plaintiff bears the burden of establishing that there was good cause for her failure to serve defendants within 120 days of filing her complaint. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (discussing the standard under former Rule 4(j)). Plaintiff's counsel admits fault for failing to timely serve defendants, explaining that he mistakenly believed defendants had been served [Doc. 5 p. 1; Doc. 12 p. 2].

To establish "good cause" under Rule 4(m), a party must show "at least excusable neglect." *Stewart*, 2000 WL 1785749, at *1 (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)) (finding that good cause had not been shown by a plaintiff whose attorney was hospitalized shortly before the expiration the 120-day period, because plaintiff had failed to effect service of process for more than seventy days after filing his complaint). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

"The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer*, 507 U.S. at 395) (internal quotation marks omitted). These facts and circumstances include "the danger of prejudice to the [non-neglectful party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [neglectful party],

5

and whether the [neglectful party] acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395) (internal quotation marks omitted). "[T]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Id.* at 650 (alteration in original) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)) (internal quotations marks omitted).

Assuming that plaintiff's failure to serve defendant within 120 days of filing her complaint was the result of neglect, it is not excusable. Plaintiff did not effect service of process until June 4, 2014, approximately fourteen months after filing her complaint. Plaintiff had full control over the time and manner in which defendants would be served. Her counsel simply failed to timely effect service, despite receiving notice that summonses had not been issued.

Therefore, the Court concludes that plaintiff has not shown good cause under Rule 4(m) for her failure to serve defendants within 120 days of filing her complaint. *See Davis v. Brady*, 9 F.3d 107, 1993 WL 430137, at *3 (6th Cir. Oct. 22, 1993) ("[I]t is clear that a plaintiff cannot establish good cause by showing mere inadvertence on the part of counsel.").

### B. Discretion to Permit Late Service of Process

Nevertheless, the Court "has discretion to permit late service even absent a showing of good cause." *Stewart*, 2000 WL 1785749, at *1 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or

conceals a defect in attempted service." Fed. R. Civ. P. 4 advisory committee's note (1993).

The Sixth Circuit has suggested that a court's discretion to permit late service under Rule 4(m) is limited by the excusable neglect standard governing untimely requests for extensions of time set forth in Rule 6(b) of the Federal Rules of Civil Procedure. *See Turner*, 412 F.3d at 650. In *Turner*, the Court of Appeals reviewed a district court's denial of a plaintiff's motion to reissue summonses after the expiration of the 120-day period provided by Rule 4(m). *Id.* The Court of Appeals affirmed, citing Rule 6(b) in explaining that "[b]ecause Plaintiff moved to reissue the summonses for Defendants . . . more than 120 days after the filing of his complaint, he must show that his failure to act was the result of excusable neglect." *Id.* at 650 (citing Fed. R. Civ. P. 6(b)); *see Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012) (citing *Turner* as standing for the proposition that Rule 6(b) limits a court's discretion to permit late service of process); *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (same).

*Turner* has been criticized as being in tension with the plain language of Rule 4(m), *McLaughlin*, 407 F.3d at 700, and distinguished as conflating "good cause" with "excusable neglect" within the first prong of the Rule 4(m) inquiry without reaching the second prong. *Dunham-Kiely v. United States*, 2010 WL 1882119, at *2 n.2 (E.D. Tenn. May 11, 2010). But *Turner* is not the only Sixth Circuit decision to suggest that permission for late service of process under Rule 4(m) ultimately turns on the question of whether "good cause," which requires at least excusable neglect, has been shown. *See*

7

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting Rule 4(m), prior to the 2007 restyling, in explaining that "[d]ismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline").

If the Court's discretion to permit late service of process is limited by Rule 6(b), then plaintiff's action should be dismissed, because plaintiff's failure to timely serve defendants was not the result of excusable neglect. The Court need not determine whether its discretion is so limited, however, because an extension of time to permit late service would not be appropriate even if it were purely discretionary.

Defendants submit that the Court should consider the following five factor test in deciding whether to permit late service of process:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, *i.e.,* cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*Treadway v. Cal. Prods. Corp.*, 2013 WL 6078637, at *6 (E.D. Tenn. Nov. 19, 2013) (quoting *Taylor v. Stanley Works*, 2002 WL 32058966, at *7 (E.D. Tenn. July 16, 2002)) (internal quotation marks omitted); *see also Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). Although the parties have not cited any binding authority prescribing the use of this test, the Court concludes that the test provides a helpful guide for the Court's exercise of discretion.

### 1. Whether a Significant Extension of Time is Required

Plaintiff did not serve defendants until approximately fourteen months after filing her complaint. Although plaintiff eventually served defendants, she neither moved for nor received permission to effectuate untimely service. In order to designate plaintiff's service of process as timely and therefore proper, a significant extension of time would be required—more than three times the 120-day period provided by Rule 4(m). Therefore, the first factor counsels against permitting late service.

### 2. Whether an Extension of Time Would Cause Actual Prejudice to Defendants

Defendants submit that they have been prejudiced by plaintiff's delay in effecting service of process, because "[t]here are certain individuals who Defendants will likely need to call as witnesses in this matter who are no longer employed by Defendants and who may now be unavailable as witnesses" [Doc. 8 p. 4–5]. Defendants do not provide any additional details about these former employees to support why the former employees are "likely" to be witnesses, nor do defendants explain why the former employees may be "unavailable" as witnesses. Accordingly, the Court concludes that any prejudice, if it exists, would be minor. Therefore, the second factor counsels in favor of permitting late service.

### 3. Whether Defendants Had Actual Notice of the Lawsuit

There is no evidence that defendants had actual notice of plaintiff's lawsuit prior to being served on June 4, 2014. Defendants apparently were aware of plaintiff's EEOC charge against them, because they filed a copy of it as an exhibit to their Motion to

9

Dismiss [Doc. 7-1]. As a result, they likely had some prior knowledge of the claims that plaintiff sets forth in her present complaint. Nevertheless, any prior knowledge of those claims is attenuated by the fact that defendants were not served with process until well after the statute of limitations had expired and the 120-day period for service of process had passed.

Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act and the ADEA. Both statutes require a plaintiff to bring a civil action within ninety days of receiving a right-to-sue letter issued by the EEOC. 42 U.S.C. § 2000e–5(f)(1) (Civil Rights Act); 29 U.S.C. § 626(e) (ADEA); *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984) (discussing the limitations period for bringing an action under Title VII of the Civil Rights Act). The EEOC issued its right-to-sue letter to plaintiff on January 2, 2013 [Doc. 1 p. 3]. Plaintiff filed her complaint ninety-three days later, on April 5, 2013. Although the record does not establish the precise date that plaintiff received the right-to-sue letter, she certainly received it no later than the date that she initiated her lawsuit.

The parties disagree about whether they or their counsel engaged in settlement discussions between the termination of the EEOC proceedings and the entry of the Court's order to show cause. The Court can discern no reason why it should be especially difficult for the parties to resolve such a factual question, but neither party has submitted competent evidence to support its assertions. Consequently, the Court concludes that there is no evidence of communication between the parties during the relevant time period.

Accordingly, there is no evidence in the record that defendants had reason to believe a lawsuit was forthcoming on the late date when they were served with process. *Zapata v. City of New York*, 502 F.3d 192, 198–99 (2d Cir. 2007). Therefore, the third factor counsels against permitting late service.

### 4. Whether Dismissal Would Substantially Prejudice Plaintiff

Dismissal would substantially prejudice plaintiff. Because more than ninety days have passed since the EEOC issued its right-to-sue letter, plaintiff would be barred by the statute of limitations from refiling her claims. Accordingly, a dismissal without prejudice would effectively be a dismissal with prejudice. Therefore, the fourth factor counsels in favor of permitting late service.

### 5. Whether Plaintiff Has Made Diligent, Good Faith Efforts to Effect Proper Service of Process

Plaintiff has not made diligent, good faith efforts to timely effect proper service of process. Plaintiff wholly failed to take the steps necessary to effect service of process within the 120-day period provided by Rule 4(m). She failed to take such steps despite receiving notice that summonses had not been issued. Indeed, it is unclear whether plaintiff ever would have effected service of process had the Court not issued its order to show cause. Therefore, the fifth factor counsels against permitting late service.

### C. Weighing the Discretionary Factors

"[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Proper service of

process implicates a defendant's right to constitutional due process. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.,* 484 U.S. 97, 104 (1987); *Friedman,* 929 F.2d at 1156. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital,* 484 U.S. at 104.

Public policy favors disposition of cases on their merits. *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir. 1993) (citing *Nealey v. Transp. Maritima Mexicana, S.A.,* 662 F.2d 1275, 1279 (9th Cir. 1980)). Nevertheless, when there is no good cause for a plaintiff's failure to comply with Rule 4(m), "a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1306 (3d Cir. 1995); *accord Cardenas v. City of Chicago,* 646 F.3d 1001, 1006–07 (7th Cir. 2011); *Kurka v. Iowa County,* 628 F.3d 953, 959–60 (8th Cir. 2010); *Zapata,* 502 F.3d at 197; *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1133 (11th Cir. 2005); *see also Friedman,* 929 F.2d at 1158 (finding that "[d]espite the severity" of a mandatory dismissal under former Rule 4(j), "dismissal is nevertheless warranted").

If plaintiffs were always permitted to execute late service of process when dismissal would render their claims time-barred, it would "effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose." *Petrucelli,* 46 F.3d at 1306 n.7; *cf. Turner,* 412 F.3d at 651 ("If the magistrate judge was compelled to grant the

12

motion to reissue the summonses in these circumstances, then it is unclear how the 120 day service rule ever could be enforced.").

Here, the equitable considerations surrounding the significant extension of time that would be required in order to permit late service of process (factor one), and plaintiff's complete lack of diligence in timely effecting service of process (factor five), are sufficient to warrant dismissal. Adding to the weight of equities counseling for dismissal is the lack of evidence that defendants had reason to believe a lawsuit would be forthcoming after the statute of limitations had expired and the 120-day period for service of process had passed (factor three). All of these considerations align with the general need to ensure that Rule 4 continues to effectively regulate the time and manner in which parties are served with process.

In these circumstances, the equitable considerations surrounding the minor amount of actual prejudice that defendants would suffer from late service (factor two), and the significant amount of prejudice that plaintiff would suffer from a denial of an extension of time (factor four), are not strong enough to overcome the reasons counseling for dismissal.

Because plaintiff has not served defendants within the 120-day period provided by Rule 4(m), and an extension of time is not warranted, the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m); *Walker v. Donahoe*, 528 Fed. App'x. 439, 441 (6th Cir. 2013) (affirming dismissal pursuant to Rule 4(m) when service had not been completed for more than nine months).

13

### III. Conclusion

For these reasons, defendants' Motion to Dismiss [Doc. 7] will be **GRANTED**, and plaintiff's action will be **DISMISSED without prejudice.** All other pending motions will be **DENIED as moot**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.


                                  s/ Thomas A. Varlan
                                  CHIEF UNITED STATES DISTRICT JUDGE